NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMY LOU FINNEGAN-CREWS,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

Defendant - Appellee.

No. 14-16755

D.C. No. 2:13-cv-02458-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 14, 2016[**]
San Francisco, California

Before: Pregerson, Leavy, and Owens, Circuit Judges.

Amy Lou Finnegan-Crews appeals pro se the district court's decision

affirming the Commissioner of Social Security's denial of her application for

supplemental security income under Title XVI of the Social Security Act. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision de novo. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

Finnegan-Crews waived her contention regarding a disabling hip injury by failing to raise it before the administrative law judge ("ALJ") or the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973-74 (9th Cir. 2006).

Finnegan-Crews contends that she established disability due to her mental condition, but she does not explain how the ALJ erred. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving "very little weight" to the contradicted opinion of Dr. Hilda S. Amato, a treating physician. *See Ghanim*, 763 F.3d at 1160-61; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ conducted the required two-step analysis and provided multiple specific, clear and convincing reasons for finding that Finnegan-Crews's testimony and other statements were not fully credible. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (stating that ALJ may consider ordinary techniques of credibility evaluation and observations of treating physicians regarding claimant's symptoms); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014) (stating that ALJ must specifically identify the testimony he finds not to be credible and explain what

2

evidence undermines the testimony); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (upholding credibility finding where testimony contradicted by medical evidence that claimant's anxiety disorder was well-controlled with medication and other self-calming measures).

**AFFIRMED.**[1]

---

[1] Finnegan-Crews's motion to supplement the record is denied.

3